UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20398-CR-UNGARO/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MABEL DIAZ and ABNER DIAZ

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court pursuant to Mabel and Abner Diaz's Motion in Limine to Exclude Unduly Prejudicial Expenditure Evidence (DE# 245, 2/21/08). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Mabel and Abner Diaz's Motion in Limine to Exclude Unduly Prejudicial Expenditure Evidence (DE# 245, 2/21/08) is **DENIED**.

## BACKGROUND

Mabel and Abner Diaz (hereinafter "defendants") are charged in a 56-count[1] Second Superceding Indictment with Conspiracy to Commit Health Care Fraud (Count 1) in violation of 18 U.S.C. § 1349, Health Care Fraud (Counts 2-33) in violation of 18 U.S.C. § 1347, Conspiracy to Commit Money Laundering (Counts 34 and 39) in violation of 18 U.S.C. § 1956(h), Money Laundering (Counts 35-36, 38) in violation of 18 U.S.C. § 1957, Money Laundering (Counts 40-24) in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and Aggravated Identity Theft (Counts 45-56) in violation of 18 U.S.C. § 1028A.

---

[1] The defendants are named in all counts except counts 37 and 44.

On February 21, 2008, the defendants filed Mabel and Abner Diaz's Motion to in Limine to Exclude Unduly Prejudicial Expenditure Evidence (DE# 245, 2/21/08). The government filed Government's Response to Motion to Exclude Expenditure Evidence (DE# 267) on March 12, 2008. The defendants' reply was filed on March 19, 2008. See Mabel and Abner Diaz's Reply to the Government's Response to the Motion in Limine to Exclude Unduly Prejudicial Expenditure Evidence (DE# 276, 3/19/08).

## LEGAL STANDARD

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Under Rule 403, otherwise relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice. . . ." Rule 403 is an "extraordinary remedy," United States v. Utter, 97 F.3d 509, 514 (11th Cir.1996) (citation omitted), and carries a "strong presumption in favor of admissibility." United States v. Church, 955 F.2d 688, 703 (11th Cir.1992). Rule 403 does not protect a party from all prejudice, only unfair prejudice. "'[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party." Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 618 (5th Cir. 1977).[2]  "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's note.

---

[2] The Eleventh Circuit in Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**DISCUSSION**

Pursuant to Rules 401 and 403 of the Federal Rules of Evidence, the defendants seek to exclude evidence of the defendants' expenditures on, inter alia, jewelry, art, expensive purses and possession of large sums of cash (collectively "expenditure evidence") as irrelevant and unduly prejudicial. The government argues that "the [expenditure] evidence is important to a full understanding of the Diazes' money laundering and will create minimal, if any, risk of unfair prejudice." See Government's Response to Motion to Exclude Expenditure Evidence (DE# 267 at 3, 3/12/08).

**I.      The Expenditure Evidence Is Relevant to the Instant Case**

According to the defendants, the expenditure evidence should be excluded because "[s]uch evidence is not relevant and cannot be tied into any of the offenses charged in the Indictment." See Mabel and Abner Diaz's Motion in Limine to Exclude Unduly Prejudicial Expenditure Evidence (DE# 245 at 2, 2/21/08). Notwithstanding the defendants' argument, the expenditure evidence is relevant to the instant case. Evidence of a sudden acquisition of money or unexplained spending is relevant to show the defendants' participation in the charged offense. See United States v. Gonzalez, 940 F. 2d 1413, 1423 (11th Cir. 1991) ("[t]he government was entitled to show that [the defendant] had experienced a sudden acquisition of large sums of money from unexplained sources in order to prove that he had received substantial income and resources from the continuing criminal enterprise with which he was charged."); United States v. Lattimore, 902 F. 2d 902, 903 (11th Cir. 1990) (per curiam) (government permitted to introduce evidence that defendant's husband made a cash payment of $1,200 on a delinquent loan even though prior to the offense the defendant and her

husband had gone without food and borrowed money to pay the mortgage).

The expenditure evidence is also relevant to the money laundering counts. The defendants are charged with money laundering (Counts 40-24) in violation of 18 U.S.C. § 1956(a)(1)(B)(i). See Superceding Indictment. The elements of money laundering under section 1956(a)(1)(B)(i) are that a defendant:

> (1) knowingly conducted a "financial transaction," (2) which he knew involved funds that were the proceeds of some form of unlawful activity, (3) where the funds involved in the financial transaction in fact were the proceeds of a "specified unlawful activity," and (4) that the defendant engaged in the financial transaction knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of such unlawful activity.

United States v. Tarkoff, 242 F.3d 991, 994 (11th Cir. 2001) (citing United States v. Majors, 196 F.3d 1206, 1212 (11th Cir.1999) (listing elements of 18 U.S.C. § 1956(a)(1)(B)(i) offense)).

At trial, the government intends to present evidence that the defendants charged their clients a five percent fee for billing Medicare. At the defendants' request, the defendants' clients would pay the defendants a portion of that fee in cash. The government argues that because the defendants deposited some of the funds received from their customers into their personal accounts and spent or kept the rest without using a bank account, "[t]hese facts establish that the Diazes intended to conceal and disguise the . . . source, the ownership, and the control of the proceeds of their fraud, and are the basis for the charged violation of [money laundering]." See Government's Response to Motion to Exclude Expenditure Evidence (DE# 267 at 4-5, 3/12/08) (original brackets and quotation marks omitted). "[T]he Diazes' possession of great quantities of luxury items corroborates their access to large sums of cash that they did

4

not deposit in their corporate account, that handling of the cash constitutes the charged money laundering." Id. at 5-6. Thus, the expenditure evidence is relevant to the money laundering charges against the defendants.

The defendants further argue that the expenditure evidence should be excluded because "[t]he government cannot tie the expenditure evidence to any of the offenses listed in the Indictment. . . ." See Mabel and Abner Diaz's Reply to the Government's Response to the Motion in Limine to Exclude Unduly Prejudicial Expenditure Evidence (DE# 276 at 3-4, 3/19/08). "The government has not provided any evidence that the expenditure items were bought during the period covered by the Indictment . . . . [or] what monies were used to purchase these items. See Mabel and Abner Diaz's Motion in Limine to Exclude Unduly Prejudicial Expenditure Evidence (DE# 245 at 2, 2/21/08). However, tracing the funds is not a prerequisite to admissibility. "Where the charged crime involves pecuniary gain and the Government presents other evidence of the defendant's guilt, evidence of the sudden acquisition of money by the defendant or his or her spouse is admissible, even if the Government does not trace the source of this new wealth." United States v. Lattimore, 902 F. 2d 902, 903 (11th Cir. 1990) (per curiam); see also United States v. Gonzalez, 940 F.2d 1413, 1423 (11th Cir. 1991)(noting that "the sudden acquisition of money by a defendant charged with a crime involving pecuniary gain is admissible without tracing the source" and that "the probative value of such pecuniary gain increases if the prosecution is able to affirmatively eliminate a defendant's claim of a legitimate source.").

II.     **The Probative Value of the Expenditure Evidence Is Not Substantially Outweighed by the Danger of Unfair Prejudice.**

The defendants argue that even if the expenditure evidence is relevant, it should

5

still be excluded under Rule 403. In United States v. Jackson-Randolph, 282 F. 3d 369, 373 (6th Cir. 2002), the defendant was convicted of conspiracy to commit program fraud and mail fraud. "[The defendant] was the founder and president of MAJCO, Inc., a nonprofit corporation that operated a private school and several day-care centers. . . . MAJCO participated in the United States Department of Agriculture's Child Care Food Program . . . through which [it] received federal funds for serving meals to economically disadvantaged children." Id.  MAJCO submitted false claims for reimbursement that inflated the number of meals served and the cost of the food program. Id. at 374. The defendant attempted to exclude evidence of her lavish lifestyle under Rule 403. "The [trial] court overruled the defendant's objections and permitted the government to introduce evidence of [the defendant's] purchases of expensive jewelry, clothing and several fur coats" and various gambling trips. Id. at 376. The appellate court held that the evidence was admissible under Rule 403. Id. at 378. The appellate court noted that: (1) there was "strong evidence" based on the testimony of employees, records and bank statements that the defendant committed the alleged crimes, (2) the government adequately demonstrated that the money was not available through another source during the conspiracy period and (3) the government's evidence of the defendant's extravagant lifestyle was limited to the indictment period. Id.

　　　The expenditure evidence in the instant case is probative of the defendants' intent to conceal and disguise the source, the ownership and the control of the proceeds from Medicare. Under the facts of the instant case, any purported prejudice in the admission of expenditure evidence would be minimal. The Diazes' expenditures consisted of legitimate purchases and were not evidence of other crimes. See United

States v. Jackson-Randolph, 282 F.3d 369, 380 (6th Cir. 2002) (noting that "there was little prejudice to [the defendant]" in the admission of evidence of nearly $4.0 million in expenditures by the defendant where purchases were legitimate and "did not go to other crimes."). Additionally, there is no evidence that the defendants are members of the clergy or would otherwise be held to a higher moral standard by the jury. See United States v. Ewings, 936 F.2d 903, 907 (7th Cir. 1991) (although affirming the admission of expenditure evidence, the court noted that "[t]he expenditure evidence undoubtedly suggested to the jury that the defendant, [a reverend], was not a paragon of virtue"). Thus, the probative value of the expenditure evidence in the instant case is not substantially outweighed by the danger of unfair prejudice.

## **CONCLUSION**

Based on the facts in the instant case, the Court finds that the expenditure evidence is relevant under Rule 401. The expenditure evidence is relevant to show that the alleged fraud was committed and that "the [Diazes] engaged in [] financial transaction[s] knowing that the transaction[s] w[ere] designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of such unlawful activity." United States v. Tarkoff, 242 F.3d 991, 994 (11th Cir. 2001) (citation omitted). Any potential prejudice is minimal since the expenditure evidence consists of legitimate purchases and the defendants are not in such a position that society would hold them to a higher standard. Balancing the evidence under 403, the Court finds that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. As such, the expenditure evidence is admissible and

Mabel and Abner Diaz's Motion in Limine to Exclude Unduly Prejudicial Expenditure Evidence (DE# 245, 2/21/08) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this **25th** day of March, 2008.

_____
JOHN J. O'SULLIVAN
U. S. MAGISTRATE JUDGE

c: Honorable Judge Ungaro
All Counsel of Record